IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MILLENNIUM BANK, | § | Case No.: 7:09-CV-050-O |
| UNITED TRUST OF SWITZERLAND S.A., | § | |
| UT of S, LLC, | § | |
| MILLENNIUM FINANCIAL GROUP, | § | |
| WILLIAM J. WISE, | § | |
|    d/b/a STERLING ADMINISTRATION, | § | |
|    d/b/a STERLING INVESTMENT SERVICES, | § | |
|    d/b/a MILLENNIUM AVIATION, | § | |
| KRISTI M. HOEGEL, | § | |
|    a/k/a KRISTI M. CHRISTOPHER, | § | |
|    a/k/a BESSY LU, | § | |
| JACQUELINE S. HOEGEL, | § | |
|    a/k/a JACQULINE S. HOEGEL, | § | |
|    a/k/a JACKIE S. HOEGEL, | § | |
| PHILIPPE ANGELONI, and BRIJESH CHOPRA, | § § | |
| Defendants, | § § | |
| and | § § | |
| UNITED T OF S, LLC, STERLING I.S., LLC, | § | |
| MATRIX ADMINISTRATION, LLC, | § | |
| JASMINE ADMINISTRATION, LLC, LYNN P. WISE, | § | |
| DARYL C. HOEGEL, RYAN D. HOEGEL, and | § | |
| LAURIE H. WALTON, | § § § | |
| Relief Defendants. | § | |

**ORDER REAPPOINTING RECEIVER**

Before the Court is Receiver's Unopposed Motion Requesting Reappointment of Receiver

(ECF No. 148) for Defendants Millennium Bank; United Trust of Switzerland S.A.; UT of S, LLC;

Millennium Financial Group ("MFG"); William J. Wise ("Wise"); Kristi M. Hoegel ("Kristi

Hoegel"); Jacqueline S. Hoegel ("Jackie Hoegel"); Philippe Angeloni; and Brijesh Chopra (collectively, "Defendants"), and Relief Defendants United T of S, LLC; Sterling LS, LLC; Matrix Administration, LLC; Jasmine Administration, LLC; Lynn P. Wise; Daryl C. Hoegel; Ryan D. Hoegel; and Laurie H. Walton (collectively, "Relief Defendants").

The Receiver, Richard B. Roper, III, informed the Court that after the expiration of ten days from the date of the issuance of the Order Appointing Receiver and Amended Order Appointing Receiver, the Receiver identified property belonging in the Receivership Estate in judicial districts in which copies of the Complaint and Order Appointing Receiver were not filed of record pursuant to 28 U.S.C. § 754. In order to allow the Receiver to obtain jurisdiction in these districts, the Court hereby enters this Order Reappointing Receiver.

The Court finds the entry of this Order Reappointing Receiver to be both necessary and appropriate in order to prevent waste and dissipation of the assets of the Defendants and Relief Defendants to the detriment of investors.

IT IS THEREFORE ORDERED that:

1. This Court assumes exclusive jurisdiction and takes possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendants and Relief Defendants and all entities they own or control ("Receivership Assets"), and the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendants or Relief

Defendants, or issued by Defendants or Relief Defendants and in possession of any agent or employee of the Defendants or Relief Defendants ("Receivership Records").

2. Richard B. Roper, III is hereby appointed Receiver for the Receivership Assets and Receivership Records (collectively, "Receivership Estate"), with the full power of an equity receiver under common law as well as such powers as are enumerated herein as of the date of this Order. The Receiver shall not be required to post a bond unless directed by the Court but is hereby ordered to well and faithfully perform the duties of his office; to timely account for all monies, securities, and other properties which may come into his hands; and to abide by and perform all duties set forth in this Order. Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or any of Defendants or Relief Defendants, their clients or associates, or their subsidiaries or affiliates, their officers, directors, agents, and employees, or by any of Defendants' or Relief Defendants creditors or equity holders because of any act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

3. The duties of the Receiver shall be specifically limited to matters relating to the Receivership Estate and unsettled claims thereof remaining in the possession of the Receiver as of the date of this Order. Nothing in this Order shall be construed to require further investigation of Receivership Estate assets heretofore liquidated and/or distributed or claims of the Receivership Estate settled prior to issuance of this Order. However, this paragraph shall not be construed to limit the powers of the Receiver in any regard with respect to transactions that may have occurred prior to the date of this Order.

4. Until the expiration date of this Order or further Order of this Court, Receiver is

authorized to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and any assets traceable to assets owned by the Receivership Estate.

5. As of the date of entry of this Order, the Receiver is specifically directed and authorized to perform the following duties:

    (a) Maintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, independent contractor, employee, or agent of the Receivership Estate;

    (b) Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of, without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

    (c) Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate. All such actions shall be filed in this Court;

    (d) Obtain, by presentation of this Order, documents, books, records, accounts,

deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

(e) Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Estate assets or records;

(f) Make such ordinary and necessary payments, distributions, and disbursements as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate. Receiver is further authorized to contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

(g) Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate;

(h) Enter into such agreements in connection with the administration of the

Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants as Receiver judges necessary to perform the duties set forth in this Order and to compensate them from the Receivership Assets;

(i) Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

(j) Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants;

(k) Promptly provide the United States Securities and Exchange Commission and other governmental agencies with all information and documentation they may seek in connection with its regulatory or investigatory activities;

(l) Prepare and submit periodic reports to this Court and to the parties as directed by this Court; and

(m) File with this Court requests for approval of reasonable fees to be paid to the Receiver and any person or entity retained by him and interim and final accountings for any reasonable expenses incurred and paid pursuant to order of this Court

6. The Receiver shall have the sole and exclusive power and authority to manage and direct the business and financial affairs of the Defendants, including without limitation, the sole and exclusive power and authority to petition for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for any or all of the Defendants. Solely with respect to the authorization to file and execution of a petition for relief under the Bankruptcy Code; without limiting any powers of the Receiver under applicable law and ths Order; and irrespective of provisions in any Defendants' corporate organizing documents, by-laws, partnership agreements, or the like, the Receiver shall be deemed to succeed to the position of and possess the authority of any party with power to authorize and execute the filing of a petition for relief under the Bankruptcy Code, including without limitation, corporate directors, general and limited partners, and members of limited liability companies. With respect to any non-individual Defendants on whose behalf the Receiver authorizes and executes a petition for relief under Chapter 11 of the Bankruptcy Code, the Receiver shall be deemed a debtor in possession for such Defendant, with all the rights and powers of a debtor in possession under the Bankruptcy Code. The turnover provisions of 11 U.S.C. § 543 shall not apply to the Receiver in his capacity as debtor in possession. With respect to any Defendants on whose behalf the Receiver authorizes and executes a petition for relief under Chapter 11 of the Bankruptcy Code, the Receiver shall be authorized, pursuant to 11 U.S.C. § 1505, to act in a foreign country on behalf of an estate created under Section 541 of the Bankruptcy Code, and may act in any way permitted by the applicable foreign law.

7. Before taking action under paragraph 6 of this Order, the Receiver must provide the Commission and the Defendants with at least two business days' written notice (unless shortened or lengthened by court order) that the Receiver is contemplating action under the Bankruptcy Code;

7

provided that the Receiver may apply for an order under seal or a hearing *in camera,* as circumstances require. To facilitate an efficient coordination in one district of all bankruptcies of the Defendants, the Northern District of Texas shall be the Receiver's principal place of business for making decisions in respect of operating and disposing of each of the Defendants and their respective assets.

8. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

9. Creditors and all other persons are hereby restrained and enjoined from the following actions, except in this Court, unless this Court, consistent with general equitable principals and in accordance with its ancillary equitable jurisdiction in this matter, orders that such actions may be conducted in another forum or jurisdiction:

(a) The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action; or

(b) The enforcement, against the Receiver, or any of the Defendants, of any judgment that would attach to or encumber the Receivership Estate that was obtained before the commencement of this proceeding.

10. Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from:

(a) Any act to obtain possession of the Receivership Estate assets;

(b) Any act to create, perfect, or enforce any lien against the property of the Receiver, or the Receivership Estate;

(c) Any act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate; or

(d) The set off of any debt owed by the Receivership Estate or secured by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate.

(e) The filing of any case, complaint, petition, or motion under the Bankruptcy Code (including, without limitation, the filing of an involuntary bankruptcy petition under Chapter 7 or Chapter 11 of the Bankruptcy Code, or a petition for recognition of foreign proceeding under Chapter 15 of the Bankruptcy Code).

11. Creditors and all other persons are hereby restrained and enjoined from seeking relief from the injunction contained in paragraph 10(e) of this Order for a period of 180 days from the date of entry of this Order.

12. Defendants, Relief Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, including, but not limited to, any financial institution, broker- dealer, investment adviser, private equity fund or investment banking firm, and each of them, are hereby ordered, restrained, and enjoined from, directly or indirectly, making any payment or expenditure of any Receivership Estate assets that are owned by Defendants or Relief Defendants, or in the actual or constructive possession of any entity directly or indirectly owned or controlled or under common control with the Receivership Estate, or effecting any sale, gift, hypothecation, assignment,

transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of such assets. A copy of this Order may be served on any bank, savings and loan, broker-dealer, or any other financial or depository institution to restrain and enjoin any such institution from disbursing any of the Receivership Estate assets. Upon presentment of this Order, all persons, including financial institutions, shall provide account balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account.

13. Defendants, and their respective agents, officers, and employees and all persons in active concert or participation with them are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting of any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

14. Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them shall:

(a) To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of the Defendants, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of Defendants to Receiver or his duly authorized agents;

(b) Cooperate with the Receiver and his duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Receiver or his duly authorized agents may reasonably request;

(c) Provide the Commission with a prompt, full accounting of all Receivership Estate assets and documents outside the territory of the United States which are held either: (1) by them, (2) for their benefit, or (3) under their control;

(d) Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either: (1) by them, (2) for their benefit, or (3) under their control; and

(e) Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until such time as they may be transferred into the possession of the Receiver.

15. Any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm or person that holds, controls, or maintains accounts or assets of or on behalf of any Defendant, or has held, controlled, or maintained any account or asset of or on behalf of any defendant or relief defendant since January 1, 2004, shall:

(a) Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of any defendant or relief defendant in any account maintained in the name of or for the benefit of any defendant or relief defendant in whole or in part except:

(i) as directed by further order of this Court, or

(ii) as directed in writing by the Receiver or his agents;

(b) Deny access to any safe deposit boxes that are subject to access by any Defendant; and

(c) The Commission and Receiver may obtain, by presentation of this Order, documents, books, records, accounts, deposits, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located.

16. The Defendants, Relief Defendants, their officers, agents, and employees and all persons in active concert or participation with them and other persons who have notice of this Order

by personal service or otherwise, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

17. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Defendants or Relief Defendants, or any company or entity under their direction and control, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

18. Nothing in this Order shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants, their agents, officers, or employees.

**SO ORDERED** this **2nd** day of **December**, **2010**.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**